UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE DAVID CALLES HENRIQUEZ,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-2875

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the

community.[1] (Pet., ECF No. 1, PageID.11–12.) In an order entered on October 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 7.) Respondents filed their response and a recording of the August 25, 2026 bond hearing on October 15, 2026. (Resp., ECF No. 8; Recording of Aug. 25, 2026, Bond Hearing, filed on Oct. 15, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of El Salvador who entered the United States on an unknown date. (Pet., ECF No. 1, PageID.3.) On May 8, 2026, Petitioner was arrested by ICE. (*Id.*, PageID.1.)

On July 17, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Calles Henriquez v. Unknown Party* (*Calles Henriquez I*), No. 1:26-cv-2104 (W.D. Mich.). In *Calles Henriquez I*, the Court dismissed Petitioner's petition for a writ of habeas corpus without prejudice because Petitioner had not exhausted his administrative remedies by requesting a bond hearing in Immigration Court. Op. & J., *id.*, (W.D. Mich. July 29, 2026), (ECF Nos. 6, 7).

On August 25, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge (IJ) Order, ECF No. 8-2, PageID.66; Pet., ECF No. 1, PageID.5.) At the conclusion of the bond hearing, the IJ denied Petitioner's request for bond, stating:

> I'm denying bond, finding that he has failed to show he is not a danger. It's his burden of proof to show that he is not a danger. He submitted a criminal record that shows that he was at least charged with a firearm offense. Whatever or however that is. But the bottom line is that no [inaudible] has been submitted. No evidence whatsoever has been submitted to show what this firearm was, and it's his burden. So, I'm finding that he is a danger because he has not proven that he is not a danger.

[1] In addition to filing his § 2241 petition, Petitioner also filed an "Emergency Motion for Immediate Adjudication and Immediate Release" (Mot., ECF No. 3.) As set forth in this opinion, the Court will conditionally grant Petitioner's § 2241 petition, and the entry of the Court's opinion and corresponding judgment moot Petitioner's pending motion.

(Recording of Aug. 25, 2026, Bond Hearing, at 10:00–10:35, filed on Oct. 15, 2026.) In a written order, the IJ stated that bond was denied because: "Danger." (IJ Order, ECF No. 8-2, PageID.66.)

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. (Resp., ECF No. 8, PageID.51–55.) The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 2, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge